**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIAM ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:26-cv-00836 (UNA) |
| | ) |
| AMTRAK, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint

("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The

Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the

Complaint, and this matter, without prejudice.

Plaintiff provides an address in Albany, New York, but also claims that he is a resident of

the District of Columbia. *Compare* Compl. at 1, *with id.* at 3. He sues Amtrak and Amtrak Police.

*See id*. at 2. The Complaint is vague, at best. Plaintiff broadly alleges that Defendants engaged in

fraud, "breached [an] agreement," "violated terms and conditions," and "made false statements to

arrest" him. *See id.* at 3–4. He also alleges that he has "suffered near fatal medical complications."

*See id.* at 4. He demands $50 million in damages. *See id.*

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the

grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that

defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown*

*v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Notably, "[a] confused . . . narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls squarely within this category.  Plaintiff does not cite to any legal authority, nor does he provide any context or necessary details to support any intended claim; for example, how, when, or where any of the alleged wrongdoing occurred, or who committed the alleged wrongdoing, and in what manner it harmed him.  As pleaded, Plaintiff has stated only bare conclusions that fail to provide the Defendants or the Court with adequate notice of a claim.  *See Iqbal,* 556 U.S. at 678 (holding that threadbare recitals and conclusory statements are insufficient to state a claim); *see also id.* at 682 ("bare assertions" of a claim are "not entitled to be assumed true.").

Accordingly, this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

DATE: June 1, 2026                                   /s/ CHRISTOPHER R. COOPER
                                                    United States District Judge